IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2015

## STATE OF TENNESSEE v. FREDERICK ANDERSON

**Appeal from the Criminal Court for Hamilton County**
**No. 280227     Barry A. Steelman, Judge**

_____

**No. E2014-00661-CCA-R3-CD-FILED-JUNE 29, 2015**

_____

NORMA MCGEE OGLE, J., concurring.

Although I agree with most of the conclusions set forth in the majority opinion, in my view, the trial court's failure to instruct the jury properly pursuant to State v. White, 362 S.W.3d 559 (Tenn. 2012), for the especially aggravated kidnappings of J.S. and L.S. constitutes error. However, I believe the error was harmless beyond a reasonable doubt.

The majority concludes that the Defendant's convictions for the especially aggravated kidnappings of J.S. and L.S. do not implicate due process because the named victims of the aggravated robberies were Kim and Amanda Schmitt. In reaching that conclusion, the majority discusses the line of cases in which this court "has adopted two different approaches to analyzing the validity of a defendant's convictions for kidnapping and an accompanying felony when the victims of the kidnapping were not victims of the accompanying felony." I authored State v. Josh L. Bowman, No. E2012-00923-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 735, at *44 (Jackson, Aug. 29, 2013), perm. to appeal denied, (Tenn. 2014), which was cited by the majority. In that opinion, I concluded that although the named victim of the especially aggravated kidnapping differed from the named victim of the especially aggravated robbery, the necessity of due process analysis remained. I reiterated that view when I concurred in part and dissented in part in State v. Gary S. Holman, No. E2012-01143-CCA-R3-CD, 2014 WL 295610, at *13 (Tenn. Crim. App. at Knoxville, Jan. 27, 2014), perm. to appeal filed, (Tenn. 2015). I am not persuaded by the majority to hold differently. Thus, I would conclude that the trial court's failure to instruct the jury pursuant to White constitutes error.

That said, the evidence shows that after the Defendant hit J.S. on the head, knocking him to the floor, and took J.S.'s cellular telephone, the Defendant dragged J.S. into Kim's bedroom and left the room. The Defendant later moved J.S. again into the bathroom. Meanwhile, L.S. was moved from her bedroom into the living room, where the second intruder instructed Mrs. Woods to bind L.S.'s hands with duct tape. In my view, these actions of confinement went beyond those necessary to commit the aggravated robberies of Kim and Amanda in that they prevented the children from summoning help, reduced the robbers' risk of detection, and increased the childrens' risk of harm. Therefore, I would hold that the trial court's error was harmless beyond a reasonable doubt and that the Defendant is not entitled to relief.


_____
NORMA McGEE OGLE, JUDGE